

Michael Sammons, pro se
15706 Seekers St
San Antonio, TX  78255
michaelsammons@yahoo.com
210-858-6199

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

Michael Sammons
    Plaintiff

vs.

**2:15-cv-00391-GMN-GWF**

China North East Petroleum Holdings, Ltd.
    Defendant

# COMPLAINT

Plaintiff **Michael Sammons** files this Complaint against **China North East Petroleum Holdings, Ltd. ("China North")** and alleges as follows:

## THE PARTIES

1. Plaintiff Michael Sammons is a resident and citizen of the State of Texas.  Plaintiff owns 420,000 shares of Defendant China North.

2. Defendant China North is a defunct corporation which was incorporated in the State of Nevada on August 26, 1999.  Its corporate charter was revoked by the Nevada Secretary of State on or about September 30, 2014.

3. China North has no corporate registered agent[1], and has no assets, operations, offices, officers, directors, or employees in Nevada.  The

---

[1] The registered agent for China North in Nevada resigned on November 28, 2014.

1

sole assets of China North are ownership interests in foreign companies.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court exists pursuant to 28 USC §1332, where complete diversity of citizenship exists, and the amount in controversy is in excess of $75,000. The relief sought is authorized pursuant to NRS 78.175(5) and NRS 78.600, as well as equitable relief under common law for breach of fiduciary duty and minority shareholder oppression.

## GENERAL ALLEGATIONS

5. China North was incorporated in the State of Nevada on August 26, 1999.

6. China North's corporate charter was revoked by the Nevada Secretary of State on or about September 30, 2014. As a result it may no longer do business within the State of Nevada.

7. China North has no registered agent, and has no assets, operations, offices, officers, directors, or employees in Nevada. The stock transfer agent for China North, Pacific Stock Transfer Company, is located in Las Vegas, Nevada.

8. The sole assets of China North are ownership interests in foreign companies.[2]

---

[2] The following is a list, not inclusive, of subsidiaries owned by China North: Song Yuan City Qiao Oil and Gas Development Ltd. Corp., Longde Oil and Gas Development Co. Ltd., Project Co, Ltd., Song Yuan North East Petroleum Technical Service Co. Ltd, Song Yuan Tiancheng Drilling Engineering Co., Ltd. All are currently operating and profitable.

9. China North is a private company. There is no public market for China North shares.

10. China North has ownership interests in subsidiaries in China with a current equity value to China North of $191,335,000 or $5.38/share.[3] Plaintiff's 420,000 shares are worth $2,260,000.

11. The last filing with the Nevada Secretary of State by China North identified Jingfu Li as the President and a Director, and Ruishi Hu, John Nicholls, Yau-Sing Tang, and Hongjun Hang as the other Directors. The mailing address for all these individuals listed with the Nevada Secretary of State is the same: China North Petroleum Holdings, Ltd, 21700 E. Copley Dr. #398, Diamond Bar, CA 91765.

12. On April 5, 2013, the SEC revoked the stock registration of China North based upon "repeated failure to file periodic reports" in violation of Exchange Act Section 13(a) and Rules 13a-1 and 13a-13, causing the loss of the valuable right to be a publically traded company. China North refused to adequately respond to the SEC allegations. As a result China North is now a private corporation, there is no market for China North shares, and the Plaintiff is trapped in his China North investment with no means of return on his equity and no means of exit.

13. By deliberately violating its legally required reporting obligations to the SEC and shareholders, coupled with the deliberate refusal to

---

[3] A recent extensive internet search in Chinese of the Defendant and its operating subsidiaries in China and Inner Mongolia revealed extensive and continuing business operations, such as media interviews and job openings. All investigation indicates that the equity value of China North shares should be equal or greater than the $191,335,000 as last reported by China North to the SEC and shareholders in 2012.

cooperate with the SEC, China North irresponsibly orchestrated a revocation of China North's public registration transforming China North unilaterally from a public company to a private company.

14. A change from a public company to a private company is a fundamental corporate change to which few, if any, minority shareholders would have agreed. China North orchestrated such a fundamental change to strip all rights from the minority shareholders, such as SEC supervision safeguards, while allowing China North officers and directors unsupervised, unfettered, and complete control of China North.

15. Plaintiff would never have invested in China North as a private company without a redemption agreement - which is exactly where Plaintiff finds himself after the successful China North scheme to unilaterally take China North private allowing no recourse or exit to minority shareholders.

16. China North deliberately, maliciously, and unilaterally, for the sole purpose of freezing out the Plaintiff and to deprive him of the protections of SEC supervision, destroyed the Plaintiff's reasonable expectations as a shareholder in a publically traded company and deprived him of any possible return on his shareholder equity.

17. The misconduct of China North, in deliberately violating SEC reporting mandates and refusing required future SEC compliance, was oppressive and completely defeated the reasonable expectations of the Plaintiff as a public shareholder which was central to the Plaintiff's decision to invest in China North equity.

18. The change from a public company to a private company caused a complete loss in equity value and liquidity to the Plaintiff.

19. The bylaws of China North require an annual shareholders meeting at which all directors are up for election.

20. China North is liable for nonfeasance for failing to hold a shareholders meeting or elect directors in over two years since the last election of directors.[4] China North must hold annual shareholders meetings and election of directors under the China North bylaws and NRS 78.330.

21. China North is liable for gross mismanagement for failing to hold a shareholders meeting in over two years.[5] China North must hold annual shareholders meetings and election of directors under the China North bylaws and NRS 78.330.

22. China North has ignored the three letters sent by the Plaintiff over the past 1 ½ years requesting general, easily accessible, information about the company: plans for an annual meeting and election of directors, rough sales and profit numbers, and plans for a dividend.

23. China North has ignored a proper request from the Plaintiff for a list of shareholders, which was made for the purpose of inquiring as to whether other shareholders had personal knowledge of facts relevant to share valuation or whether other shareholders would be interested in buying Plaintiff's shares or knew of others who might be.

---

[4] Cf. Recker, et al v. Sino Clean Energy Inc, et al, 2nd Jud. District Ct – Washoe, No. CV14-00484 (May 12, 2014)(refusal to hold legally required annual shareholders meeting for over two years alone warrants appointment of a receiver).

[5] Id.

24. China North has ignored a proper request from the Plaintiff for access to the books of China North and its subsidiaries (or at least basic unaudited financials), which was made for the purpose of ascertaining the value of the Plaintiff's China North shares.

25. Because China North has refused to reveal any financial information to any minority shareholder since 2012, the Plaintiff does not know the exact value of China North and cannot market his shares in the now private China North.

26. China North has made a cash flow profit for each of the past six years, and has been holding over $80,000,000 in cash or cash equivalents since 2012.

27. China North has no business purpose planned for the $80,000,000 cash hoard other than (a) to pay dividends to China North officers, directors, and select shareholders, and (b) for periodic improper and undocumented cash payments to China North officers, directors, and select shareholders. China North is therefore guilty of misappropriation of company funds, and malicious suppression of dividends.

28. China North officers, directors, and select shareholders have removed over $500,000 from China North subsidiaries in China improperly, and without any documented or legitimate business purpose.

29. As a result of the above acts and inactions of China North, it has breached its fiduciary obligations to the Plaintiff, who has seen his investment value in China North decimated and rendered

completely illiquid with no prospect of future participation in the assets, operations, or profits of China North.

30. As a result of the above acts or inactions of China North, the Plaintiff cannot exit his investment in China North even though he has a complete and justifiable loss of confidence in China North as an investment as a result of the above detailed shareholder oppression, misappropriation of company funds, malicious suppression of dividends, and the illegal failure to observe proper corporate procedures (such as an annual shareholder meeting and election of directors) as required by Nevada corporate law and the China North bylaws.

## COUNT 1 (Breach of Fiduciary Duty)[6]

31. Plaintiff re-alleges all the preceding paragraphs as set forth above and incorporates them herein by reference.
32. The Defendant owed a fiduciary duty to the Plaintiff of loyalty, care, and good faith and fair dealing, as well as the reasonable expectations of the Plaintiff in investing in China North shares.
33. By not acting in good faith the Defendant breached its fiduciary duty to the Plaintiff.
34. As a result of these actions and inactions the Plaintiff has been and will be damaged.
35. Plaintiff has no adequate remedy at law.

---

[6] SPITZMESSER v. TATE SNYDER KIMSEY ARCHITECTS, LTD., No. 2:10-cv-01700 (D. Nev. June 27, 2011)(breach of fiduciary duty claim by minority shareholder).

## COUNT 2 (Minority Shareholder Oppression)[7]

36. Plaintiff re-alleges all the preceding paragraphs as set forth above and incorporates them herein by reference.

37. The Defendant owed a fiduciary duty to the Plaintiff of loyalty, care, and good faith and fair dealing.

38. By not acting in good faith the Defendant breached its fiduciary duty to the Plaintiff, as well as the reasonable expectations of the Plaintiff in investing in China North shares.

39. As a result of these actions and inactions the Plaintiff has been and will be damaged.

40. Plaintiff has no adequate remedy at law.

## COUNT 3 (Liquidation)

41. Plaintiff re-alleges all the preceding paragraphs as set forth above and incorporates them herein by reference.

42. As a result of these actions and inactions the Plaintiff has been and will be damaged.

43. Because China North is a defaulted Nevada corporation with valuable foreign investments in China and Inner Mongolia, it is subject to an accounting and liquidation pursuant to NRS 78.175(5) and NRS 78.600, as well as to the equitable remedy under common law of liquidation for breach of fiduciary duty and shareholder oppression.

---

[7] SPITZMESSER v. TATE SNYDER KIMSEY ARCHITECTS, LTD., No. 2:10-cv-01700 (D. Nev. June 27, 2011)(breach of fiduciary duty claim by minority shareholder).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Sammons prays for relief against the Defendant as follows:

1. Appointment of a receiver for China North for the purpose of liquidating any assets, paying any obligations, and distributing any remaining value to China North shareholders.
2. Costs and further relief in the Plaintiffs' favor as this Court deems just and proper.

Respectfully submitted:

*/s/ Michael Sammons*

Michael Sammons, pro se
15706 Seekers St.
San Antonio, TX  78255
210-858-6199
michaelsammons@yahoo.com