**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL SAMMONS,               )<br>                                               )<br>          Plaintiff,                   )<br>                                               )<br>vs.                                        )<br>                                               )<br>CHINA NORTH EAST PETROLEUM )<br>HOLDINGS, LTD., a corporation  )<br>                                               )<br>          Defendant.                )<br>_____)  | Case No. 2:15-cv-00391-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion for Declaration on Sufficiency of Service, or, in the Alternative, Motion to Serve by Publication (#13), filed on May 8, 2015.

Pursuant to Fed.R.Civ.P. 4(e), service of summons by publication is governed by the law of the state in which the District Court is located. Nevada Rule of Civil Procedure 4(e)(1)(i) provides that the Court may permit service by publication if, after demonstration of due diligence, the plaintiff finds that the defendant does not live within the State, has left the State, or cannot be found within the State. The plaintiff must prove this to the satisfaction of the court either by affidavit or by a verified complaint. The question of due diligence is within the Court's discretion as there is no objective, formulaic standard for determining what is, or is not, due diligence under Nevada law. *Abreu v. Gilmer,* 985 P.2d 746, 749 (Nev. 1999).

Plaintiff requests that the Court declare that Defendant China North East Petroleum Holdings, Limited, has been properly served. Through the affidavit of Michael Sammons, Plaintiff represents that he has mailed copies of the summons and complaint to each officer and director of the corporation. (#13, Exhibit B). All the envelopes were returned as "undeliverable." *Id*. Google searches have not turned up different addresses for the Defendant's officers or directors. *Id*.

. . .

Plaintiff alternatively seeks leave to effectuate service through publication pursuant to NRCP 4(e)(1)(i). Plaintiff has sought out the name of the Defendant's agent, only to find that the revoked corporation no longer has an agent to be served. Then, as discussed above, the Defendant attempted service of process by mail. When that failed, he sought out alternative addresses for the officers and directors, but was unsuccessful.

The Court finds that Plaintiff has sufficiently demonstrated due diligence and is unable to find the directors and officers of Defendant China North East Petroleum Holdings, Limited. In the interests of giving the Defendants a fair opportunity to defend themselves against the Plaintiff's claims, the Court will require the Plaintiff to effectuate service by publication. The Court will also grant Plaintiff an extension of time to provide the Court with proof of service to better allow Plaintiff to comply with the requirements of service by publication. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Serve by Publication (#13) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall publish the summons and complaint at least once a week for four (4) consecutive weeks in a newspaper of general circulation published in Clark County, Nevada.

**IT IS FURTHER ORDERED** that Plaintiff shall provide the Court will proof of service by publication no later than **August 2, 2015**.

**DATED** this 22nd day of May, 2015.

GEORGE FOLEY, JR.
United States Magistrate Judge